IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

HEATH LEE HUNSUCKER                                        PLAINTIFF

v.                Civil No. 5:23-cv-05189-TLB

JUDGE BRAD KARREN; and
DEPUTY PROSECUTOR KELSEY SIX                       DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation on the issue of whether the Complaint should be served on the Defendants.

Plaintiff, Heath Lee Hunsucker, filed this *pro se* civil rights action under 42 U.S.C. § 1983. Plaintiff has filed a motion to proceed *in forma pauperis* ("IFP"). The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915(e)(2)(B). Pursuant to § 1915(e)(2)(B), the Court has the obligation to screen any complaint in which a party seeks redress from a governmental entity or officer or employee of a governmental entity.

### I.     BACKGROUND

Plaintiff has named as Defendants Judge Brad Karren and Deputy Prosecutor Kelsey Six. According to the allegations of the Complaint (ECF No. 1), Defendant Six repeatedly filed motions to deny Plaintiff bond, requested a $200,000 cash only bond, and "filed [a] motion to ban me from six counties in the state, two of which [I] had made my financial income [in] since 2012." *Id.* at 4. Plaintiff also says Defendant Six refused him the opportunity to counter the exaggerated and false statements, and affidavits. *Id.* Plaintiff maintains Defendant Six's actions were malicious

and violated his rights under the 4th, 8th, and 14th Amendments. *Id.* Plaintiff further states Defendant Six's actions caused her substantial damage to her credit and her financial situation. *Id.* These actions occurred on various dates between December 19, 2022, and September 19, 2023. *Id.* at 4-5.

While Defendant Karren denied requests to hold Plaintiff without bond, he "set exorbitant cash bonds, depleting 117,000 of financial security in 8 weeks from initial arrest." (ECF No. 1 at 6). Plaintiff states after his financial statements, checkbooks, and phones were seized, Defendant Karren set a $75,000 cash only bond for Plaintiff's release, ordered a global positioning system (GPS) monitor be in place prior to release, and banned Plaintiff from six counties. *Id.* Plaintiff says he was never given the "opportunity to speak [about the] allegations or present facts or credible evidence to counter claims that would [have given him] an equal or fair opportunity to retain his rights and freedom as a citizen." *Id.*

Plaintiff says Defendant Karren later raised his bond to the excessive amount of $800,000—cash only. (ECF No. 1 at 6). On September 12, 2023, Plaintiff states he entered into a plea agreement in an effort to salvage his business and finances without having to file bankruptcy. *Id.* One of the terms of the plea agreement was that the funds from the cash bail would be returned to Plaintiff. *Id.* Despite this, Defendant Karren did not sign the necessary documents for the return of the funds and instead set a hearing for November 2, 2023. *Id.* According to Plaintiff this was "[t]wo days after [the] 180 day statu[t]e deadline to file complaint [for] violation of civil rights." *Id.* This action also made Plaintiff unable to bring his delinquent accounts current resulting in substantial damage to his credit rating. *Id.* Plaintiff maintains Defendant Karren "denied [his] rights to a fair trial, [his] rights to life, liberty, freedom, and pursuit of financial

income." *Id.* Further, Plaintiff maintains the excessive amount of the bonds denied him due process. *Id.*

As relief, Plaintiff seeks compensatory damages for loss of business, wages, finances, and for mental anguish. (ECF No. 1 at 7). He also seeks punitive damages. *Id.* Finally, Plaintiff seeks the reversal of his convictions. *Id.*

## II. APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. DISCUSSION

### A. Judge Karren

Defendant Karren is a state court judge who presided over Plaintiff's criminal proceedings. Judges are generally immune from lawsuits. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("judicial

3

immunity is an immunity from suit, not just from ultimate assessment of damages"); *Duty v. City of Springdale, Arkansas,* 42 F.3d 460, 462 (8th Cir. 1994) (judges are generally immune from suit for money damages).  A presiding judge in a case is not subject to suit.  *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967).

Judicial immunity is only overcome in two situations: (1) if the challenged act is non-judicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction.  *Mireles*, 502 U.S. at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction" ) (internal citations omitted).  Plaintiff has failed to allege any action by Defendant Karren that was non-judicial or taken without jurisdiction.  Accordingly, Defendant Karren is immune from suit.

### B. Prosecutor Six

Plaintiff's claims against Defendant Six must be dismissed because prosecutors are immune from suit.  The United States Supreme Court in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case."  *Id*. at 427.  This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process."  *Id*. at 430; s*ee also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity).  Plaintiff's allegations concern actions Defendant Six took in connection with his duties as a prosecuting attorney.  Accordingly, Defendant Six is entitled to absolute immunity.  *See also Brodnicki v.*

*City of Omaha*, 75 F.3d 1261 (8th Cir. 1996) (County prosecutors were entitled to absolute immunity from suit).

### C.   Reversal of Conviction

Section 1983 may not be used to seek relief from a criminal conviction or sentence. *Preiser v. Rodriguez,* 411 U.S. 475, 494 (1973).

### IV.   CONCLUSION

For these reasons, it is recommended that that **this case be DISMISSED WITHOUT PREJUDICE** because the Defendants are immune from suit and the Complaint fails to state claims upon which relief may be granted.   28 U.S.C. § 1915(e)(2)(B).

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).   The failure to file timely objections may result in waiver of the right to appeal questions of fact.   The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 7th day of November 2023.

*s/ Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE